IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00430-BNB

STEPHANIE BLALOCK, #134917,

    Plaintiff,

v.

JEFFERSON COUNTY DETENTION FACILITY,
DEPUTY PROSSER, and
TARA SELLERS (inmate), DOC # 130270,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 9 2010

GREGORY C. LANGHAM
                     CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Stephanie Blalock, initiated this action by filing a *pro se* Complaint and Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on February 18, 2010. She has been granted leave to proceed *in forma pauperis*.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.* Under Section 1983, a plaintiff must allege that the defendants have violated his or her rights under the United States Constitution

while the defendants acted under color of state law.

Ms. Blalock asserts one claim. She alleges that while she was incarcerated at the Jefferson County Detention Facility inmate Defendant Tara Sellers kicked her in the lower left side of her back while she was standing in the meal line. She appears to allege that Defendant Deputy Prosser witnessed the alleged assault but refused to protect Ms. Blalock.

The Court finds that Ms. Blalock is suing improper parties. Ms. Blalock may not sue the Jefferson County Detention Facility. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

Further, Ms. Blalock's claims against inmate Defendant Tara Sellers in this action are not asserted properly pursuant to § 1983 because Ms. Blalock does not assert that Defendant Sellers was acting under color of state law. "Section 1983 provides a federal cause of action against any person who, acting under color of state

law, deprives another of his federal rights." ***Conn v. Gabbert***, 526 U.S. 286, 290 (1999). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." ***Wyatt v. Cole***, 504 U.S. 158, 161 (1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." ***Am. Mfrs. Mut. Ins. Co. v. Sullivan***, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). The only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" ***NCAA v. Tarkanian***, 488 U.S. 179, 191 (1988) (quoting ***Monroe v. Pape***, 365 U.S. 167, 172 (1961)). Because Ms. Blalock does not assert that Defendant Sellers was acting under color of state law, Defendant Sellers is not a proper party to a § 1983 action. Therefore, for the reasons stated above, Ms. Blalock will be directed to file an amended complaint and name only the proper parties to the action. Accordingly, it is

ORDERED that Plaintiff, Stephanie Blalock, file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that it shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Ms. Blalock, together

with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Complaint. It is

FURTHER ORDERED that, if Ms. Blalock fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED May 19, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00430-BNB

Stephanie Blalock
8763 W. Center Ave.
Lakewood, CO 80226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 5/19/10

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk