IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00430-BNB

STEPHANIE BLALOCK, #134917,

Plaintiff,

v.

JEFFERSON COUNTY JAIL,
DEPUTY PROSSER, and
TARA SELLERS, DOC # 130270,

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AND FINAL AMENDED COMPLAINT

---

Plaintiff, Stephanie Blalock, initiated this action by filing a *pro se* Complaint and Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on February 18, 2010. She has been granted leave to proceed *in forma pauperis*.

On May 19, 2010, Magistrate Judge Boyd N. Boland determined that the complaint was deficient because Ms. Blalock named improper parties. Accordingly, he directed Ms. Blalock to file an amended complaint within thirty days. Ms. Blalock filed two versions of an amended complaint on June 7, 2010.

The Court must construe the amended complaints liberally because Plaintiff is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaints reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, [her]

confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.*

Ms. Blalock does not provide a basis for the Court's jurisdiction in either of the amended complaints filed on June 7, 2010. However, liberally construing her claims, it appears that she may be asserting jurisdiction pursuant to 42 U.S.C. § 1983, because she asserts that Defendant Prosser failed to protect her from assault by another inmate. Under Section 1983, a plaintiff must allege that the defendants have violated his or her rights under the United States Constitution while the defendants acted under color of state law. In the second and final amended complaint, Ms. Blalock is directed to clarify whether she asserts jurisdiction pursuant to 42 U.S.C. § 1983.

The amended complaints also suffer from other deficiencies. In one amended complaint (Doc. # 16), Ms. Blalock does not provide a background statement for her case. She has also failed to complete the "Request for Relief" section. However, she asserts one claim for relief, in which she alleges that Defendant Prosser failed to protect her when she was assaulted by Defendant Sellers. In the other amended complaint (Doc. # 17), Ms. Blalock has provided a background statement for her case, and has completed the "Request for Relief" section. Nonetheless, she has failed to assert any claims for relief. Accordingly, Ms. Blalock will be directed to file one complete copy of her second and final amended complaint in which she provides a background statement, asserts a claim for relief, and notifies the Court, and Defendants, regarding her request for relief.

Ms. Blalock apparently fails to understand that it is her responsibility to present her claims in a manageable format that allows the Court and the Defendants know what claims are being asserted and to be able to respond to those claims. Ms. Blalock must allege, simply and concisely, her specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated her rights. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Further, the Court again finds that Ms. Blalock is suing improper parties. Ms. Blalock may not sue the Jefferson County Jail. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

Finally, as previously explained in the May 19 Order for Amended Complaint, Ms. Blalock's claims against inmate Defendant Tara Sellers in this action are not asserted properly pursuant to § 1983, because Ms. Blalock does not assert that Defendant Sellers was acting under color of state law. "Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). The only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)). Because Ms. Blalock does not assert that Defendant Sellers was acting under color of state law, Defendant Sellers is not a proper party to a § 1983 action. Therefore, for the reasons stated above, Ms. Blalock will be directed to file one copy of a second and final amended complaint that is complete and that names only the proper parties to the action. Accordingly, it is

ORDERED that Plaintiff, Stephanie Blalock, file **within thirty (30) days from the date of this order** a second and final amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that it shall be titled "Second and Final Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Ms. Blalock, together with a copy of this order, two copies of the following form to be used in submitting the second and final amended complaint: Complaint. It is

FURTHER ORDERED that, if Ms. Blalock fails to file a second and final amended complaint that complies with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 23rd day of June, 2010.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00430-BNB

Stephanie Blalock
8763 W. Center Ave.
Lakewood, CO 80226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 6/24/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk